United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSE ANNA MCCOY,

     Plaintiff,

    v.

MICHAEL ASTRUE,

     Defendant.

_____/

No. C 11-00782 CRB

**ORDER RE MOTION TO AUGMENT THE ADMINISTRATIVE RECORD AND CROSS MOTIONS FOR SUMMARY JUDGMENT**

    This action arises from the Social Security Administration's ("SSA") denial of Rose Anna McCoy's ("Ms. McCoy") request for Supplemental Security Income ("SSI") benefits.

    Ms. McCoy has moved to augment the administrative record with certain mailed correspondences. Because there is no legal basis for augmenting the administrative record, and the evidence submitted for augmentation is already substantially in the transcript of proceedings, the Court DENIES that motion.

    Both the SSA and Ms. McCoy have moved for summary judgment. The issue is whether the Administrative Law Judge's ("ALJ") decision denying benefits was based upon substantial evidence in the record. Because the ALJ's decision was supported by substantial evidence, the Court GRANTS the SSA's Motion for Summary Judgment and DENIES Ms. McCoy's Motion for Summary Judgment.

//

I.     **BACKGROUND**

Ms. McCoy, who is approximately 54 years old, applied for SSI on August 10, 2007, alleging a February 15, 2007 work-related injury to the lower back as the onset of a qualifying disability.  Tr. 91.  The SSA denied the claim on February 7, 2008.  Tr. 43.  Upon Ms. McCoy's request, the SSA reconsidered and again denied the claim on April 25, 2008. Tr. 48.  Ms. McCoy requested a hearing, which was held before Administrative Law Judge Randolph E. Schum on September 10, 2009.  Tr. 26.

In a decision dated December 9, 2009, the ALJ denied SSI benefits, determining that Ms. McCoy's disability does not preclude her from engaging in substantial gainful activity under 42 U.S.C. § 1382C(a)(3)(A).  ALJ Decision, Tr. 11.  The decision contains about six single-spaced pages of detailed factual findings.  Tr. 13-19.  The ALJ cites directly to doctors' assessments throughout.  See generally ALJ Decision, Tr. 11-19.  In finding no qualifying disability, the ALJ evaluated the opinions of seven doctors: Dr. Calvin Pon (Tr. 14), Dr. Lola VanCompernolle (Tr. 15), Dr. Michael Hebrard (Tr. 15), Dr. Peter Mandell (Tr. 15), Dr. Robert Rovner (Tr. 15), Dr. S. Bello (Tr. 16), and Dr. Tanya Williams (Tr. 15-16). The ALJ weighed the medical evidence to find that despite some disability, Ms. McCoy has a residual functional capacity ("RFC") for light work, and denied benefits.  See generally ALJ Decision, Tr. 11-19.  Some of the medical and testimonial evidence suggested a lower RFC than this finding, and the ALJ stated why that evidence weighed less heavily in the RFC determination.  See id.

Ms. McCoy filed an appeal with the SSA Appeals Council, which the Appeals Council denied. Tr. 1-5.  On February 22, 2011 Ms. McCoy requested this Court's review of the SSA's decision pursuant to 42 U.S.C. § 405(g).  She is represented by counsel in this action.  Both parties have moved for summary judgment.

II.     **LEGAL STANDARD**

The district court may review the Social Security Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.

*United States District Court*
For the Northern District of California

1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); see also Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

Summary judgment is a method for disposing of an action in which there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  See Fed R. Civ. P. 56.  The burden of establishing the lack of a genuine issue of material fact is on the moving party.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  A fact is "material" if the fact may affect the outcome of the case.  See id. at 248.  All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

//

//

**United States District Court**
For the Northern District of California

## III.   DISCUSSION

The SSA's Motion for Summary Judgment argues that the ALJ properly considered all of the evidence to determine that Ms. McCoy does not have an RFC that precludes her from light work.  See generally SSA's MSJ.  It argues that the ALJ properly based the decision on the assessments of Doctors Pon, VanCompernolle, Mandell, Rovner, and Bello.  Id. at 6-8; 12-13.  It further argues that the ALJ considered and properly rejected Dr. Williams's assessment and Ms. McCoy's testimony, because both were contradicted by other evidence.  Id. at 8-12; 13-15.

Ms. McCoy's Motion for Summary Judgment argues that the ALJ misinterpreted some doctors' opinions, and improperly discounted Dr. Williams's opinion, Dr. Hebrard's opinion, and Ms. McCoy's own testimony regarding pain and incapacity.  McCoy's MSJ at 18-20.

Ms. McCoy's Motion also argues two procedural points without attaching any legal significance.  First, Ms. McCoy correctly notes that the ALJ stated at the hearing that he would not consider Dr. Bello's opinion.  McCoy's MSJ at 6-7; Tr. at 26-27.  The ALJ stated that he did not know how Dr. Bello's assessment got into the file, and that he need not consider it because "the record speaks for itself."  Id.  Ultimately, however, the ALJ did consider Dr. Bello's opinion in the decision.  Tr. 16-17.

Second, Ms. McCoy correctly points out that ALJ's decision states that the ALJ did not receive a response from another doctor, Dr. Williams, when he requested clarification of Dr. Williams's medical opinion.  McCoy's MSJ 9-11; Tr. 16.  She alleges that the ALJ did in fact did receive a response, and she seems to be right: the ALJ's decision discusses the substantive contents of Dr. Williams's response letter, indicating that the ALJ considered it, and the record actually contains the response letter.  Compare ALJ Decision at 15 with Dr. Williams's letter, Tr. 381.

Ms. McCoy has also moved to augment the administrative record with: (1) Dr. Williams's response letter (which is already in the record), and (2) a letter from the ALJ to Plaintiff's counsel confirming that the ALJ received Dr. Williams's letter.

**United States District Court**
For the Northern District of California

### A.     Motion to Augment the Record

Ms. McCoy moves to include two documents in the administrative record.  She argues they should be added because Ms. McCoy's attorney submitted them to the SSA Appeals Council.  Ms. McCoy cites no legal authority to suggest that a district court may properly augment the record of an agency proceeding.  The SSA submitted to the Court "the transcript of the record including the evidence upon which the findings and decision complained of are based."  42 U.S.C. § 405(g). The purpose of this action is to evaluate the record the Commissioner examined in reaching a decision; it would be illogical for the Court to amend the record, then evaluate that record.

The motion is also unnecessary.  The first proffered document, Dr. Williams's response letter to the ALJ clarifying her medical assessment (Exhibit B), would duplicate evidence already in the record (the only difference being the copy on record is not date stamped "received").  Compare Ex. B with Tr. 381.  The second proffered document, the ALJ's letter confirming receipt of Dr. Williams's letter (Exhibit C), does not bear on any issue expressly argued in either Motion For Summary Judgment.[1]

Because no legal authority supports this Motion, and because augmentation of the record would be duplicative and immaterial, the Court DENIES the Motion.

//

//

---

[1] The letter from the ALJ confirming receipt of Dr. Williams's letter was sent on September 24, 2009 – after the hearing.  This suggests that the ALJ may not have had Dr. Williams's letter in hand at the time of the hearing.  Ms. McCoy might have argued that the absence of this evidence at the hearing constitutes inadequate development of the record by the ALJ, who "has a duty to develop the record, even when the claimant is represented by counsel." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  If an ALJ needs more information from a doctor, he has "a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  Although Ms. McCoy presents facts approaching an inadequate development of the record argument, she does not make that argument expressly.  The Court is not obliged to bring the argument for her.  See Chinchiolo v. Comm'r of Soc. Sec., No. 06-1653, 2008 WL 1970092 at *11 (E.D. Cal. May 2, 2008) (specifically noting the arguments that the Plaintiff does not make on review of an SSA decision, and not examining those arguments).  However, even if she had made the argument, it is worth noting that the ALJ did follow up with Dr. Williams; the letter from the doctor was in response to the follow up.  Tr. 16.  It is also worth noting that the ALJ considered the substantive contents of both Dr. Williams's examining assessment (Tr. 15) and Dr. Williams's letter (compare ALJ Decision, Tr. 15 with Dr. Williams's letter, Tr. 381) to reach his conclusions.

United States District Court
For the Northern District of California

**B.** **Cross Motions For Summary Judgment**

The determinative issue before the ALJ was whether Ms. McCoy's disability precluded her from "engaging in any substantial gainful activity . . . ." 42 U.S.C. § 1382c(a)(3)(A). The ALJ determined that Ms. McCoy has lumbar degenerative disc disease, scoliosis, and obesity. Tr. 13. To determine whether these disabilities precluded Ms. McCoy from working, the ALJ assessed her residual functional capacity ("RFC"). A claimant's RFC is the most a claimant can do despite her limitations. See 20 C.F.R. § 416.945(a).[2] An RFC determination should be based on all the relevant evidence in the case record. See id. For example, if a person can lift no more than 20 pounds at a time, but can frequently lift objects weighing up to 10 pounds, she has an RFC for "light work." See 20 C.F.R. § 416.967(c). Therefore, she is capable of engaging in gainful activity under Section 1382c, and is not eligible for SSI benefits. Light work jobs can require a good deal of walking or standing, and can require sitting most of the time with some pushing or pulling of the arms or legs. See id.

**1.** **Substantial Evidence**

"Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d at 521. It is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 402 (1971). The opinion of an examining physician alone can constitute substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with other clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). More weight is generally given to the opinion of a specialist when such a doctor opines within her area of specialty. See 20 C.F.R. § 416.927(d).

Here the opinions of examining orthopedist Dr. Pon (Tr. 211-13), examining orthopedist Dr. Mandell (Tr. 337-43), non-examining state-agency physician Dr. VanCompernolle (Tr. 316-24), examining physician Dr. Rovner (Tr. 349-352), and non-

---

[2] The SSA's regulations have controlling weight. See Chevron USA v. NRDC, 467 U.S. 837 (1984) (setting a broad deference standard for formally created administrative rules); see also Barnhart v. Walton 535 U.S. 212 (applying Chevron deference in a social security context).

**United States District Court**
For the Northern District of California

1   examining physician Dr. Bello (Tr. 370-80) are the most convincing pieces of evidence in the

2   record that Ms. McCoy is capable of light work.  On April 7, 2007 – after the February 15,

3   2007 incident alleged to have triggered the onset of disability – Dr. Pon examined Ms.

4   McCoy, diagnosed neck and back pain possibly due to degenerative changes, and found that

5   she could lift 20 pounds occasionally, and 10 pounds frequently.  Tr. 14, 213.  He limited her

6   to occasional stooping, kneeling, and squatting.  Id.

7       Dr. Mandell, another orthopedist, examined Ms. McCoy on June 25, 2008, and

8   diagnosed obesity.  Tr. 15, 338.  He noted that Ms. McCoy was able to brush her teeth, drive,

9   use a computer, perform some chores, and do occasional yard work.  Id.  He noted that Ms.

10  McCoy had normal range of motion, muscle strength, and reflexes.  Tr. 339-342.  He further

11  stated that she "needs to be retrained for a job that avoids heavy lifting, repetitive bending

12  and stooping."  Tr. 337.

13      Dr. VanCompernolle, a non-examining physician, reviewed Ms. McCoy's medical

14  record to determine functional capacity and found that Ms. McCoy could lift 20 pounds

15  occasionally and 10 pounds frequently, stand or walk for 6 hours in an 8 hour day, sit for 6

16  hours in an 8 hour day, and occasionally stoop, crouch, and climb ramps or stairs, but never

17  climb ropes, ladders, or scaffolds.  Tr. 317-19; 324.

18      Dr. Rovner examined Ms. McCoy in July 2008, diagnosed lumbar strain and

19  spondylosis, and found only mild degenerative changes in lumbar x-rays, an absence of

20  muscle spasm or atrophy, good range of motion, and intact sensation and reflexes.  Tr. 15;

21  349-52.

22      Dr. Bello examined Ms. McCoy in July 2009, diagnosed mild lumbar disc disease and

23  episodic colitis, and provided a functional assessment nearly identical to Dr.

24  VanCompernolle's.  Tr. 16; 370-80.

25      The Plaintiff takes issue with the ALJ's interpretation of the assessments of Doctors

26  Mandell, Rovner, and Bello (McCoy's MSJ at 21-22), but the ALJ did not unreasonably

27  interpret these assessments.  First, Ms. McCoy argues that Dr. Mandell conducted his

28  examination for the purpose of Worker's Compensation, not SSI, so the term "light work"

7

1    does not transfer.  McCoy's MSJ at 21.  Putting Dr. Mandell's use of "light work" aside, his

2    specific medical findings could have still reasonably served as evidence in an RFC

3    determination for SSI purposes.  Second, Ms. McCoy argues that Dr. Rovner's opinion does

4    not constitute substantial evidence because he does not make a specific finding as to her

5    RFC.  McCoy's MSJ at 20-21.  To the contrary, the ALJ found Dr. Rovner's reluctance to

6    assign functional limitations persuasive in itself, and the Plaintiff cites no authority to

7    suggest a medical opinion cannot be substantial evidence simply because it lacks a functional

8    assessment.  Tr. 15.  Third, Ms. McCoy argues that Dr. Bello's opinion does not constitute

9    substantial evidence because he limited her to 2 hours of standing and 2 hours of walking in

10   an 8-hour workday – a finding inconsistent with an RFC for light work.  McCoy's MSJ at 21.

11   The ALJ noted that portion of Dr. Bello's opinion, but he need not have accepted it for the

12   bulk of the opinion to weigh as substantial evidence in support of the decision.  See

13   Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989) (an ALJ need not accept all of a

14   physician's findings for the opinion to constitute substantial evidence).

15         The opinions of the examining physicians (Doctors Pon, Mandell, and Rovner)

16   constitute substantial evidence in the record that Ms. McCoy was capable of light work, and

17   thus, did not have a disability under the statutory definition.  See Tonapetyan, 242 F.3d at

18   1149.  The opinion of non-examining physicians Doctors VanCompernolle and Bello

19   substantially paralleled that of the examining physicians, and therefore, may also be

20   considered substantial evidence.  See Thomas, 278 F.3d at 957.  The ALJ's decision

21   exhaustively and correctly cites to these assessments.  Thus, substantial evidence supports

22   the ALJ's conclusion.

23                    **2.    Contrary Evidence**

24         The ALJ must provide specific and legitimate reasons for discounting a treating

25   physician's opinion.  Tommasetti v. Astrue, 533 F.3d 1035, 1037 (9th Cir. 2008).  An ALJ

26   may satisfy the burden of providing specific and legitimate reasons "by setting out a detailed

27   and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

28   thereof, and making findings."  Magallanes, 881 F.2d at 753.  The ALJ need not accept a

United States District Court
For the Northern District of California

treating physician's opinion when it is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion." <u>Young v. Heckler</u>, 803 F.2d 963, 968 (9th Cir. 1986). "Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes</u>, 881 F.2d at 751).

Here the ALJ provided specific and legitimate reasons for discounting the medical evidence suggestive of a lower RFC: he thoroughly summarized the various doctors' opinions, interpreted the evidence, and made findings. <u>See</u> <u>Magallanes</u>, 881 F.2d at 753. First, the ALJ rejected Dr. Williams's assessment, which limited Ms. McCoy to a restricted range of sedentary work and diagnosed osteoarthritis of the knees, lumbar disc disease, and severe ulcerative colitis. Tr. 15. The ALJ explained that he rejected Dr. William's opinion because it was contradicted by the clinical findings on record. <u>Id.</u> According to the ALJ's analysis, the weight of the medical evidence "shows little evidence of lumber disc disease." <u>Id.</u> The ALJ added, "No other physician diagnosed osteoarthritis of the knees or severe ulcerative colitis" <u>Id</u>. The ALJ also found that Dr. Williams's opinion was inconsistent with her own findings, and requested substantiation. Tr. 15. In response, Dr. Williams generally repeated her findings. Because Dr. Williams's opinion was brief and unsupported by clinical findings, the ALJ was not obliged to accept it as substantial evidence. <u>See</u> <u>Young</u>, 803 F.2d at 968; <u>see also</u> <u>Andrews</u>, 53 F.3d at 1041. Second, the ALJ questioned the assessment of Dr. Hebrard, who limited Ms. McCoy to lifting no more than two pounds. Tr. 15. The ALJ noted that Dr. Hebrard did not impose other functional limitations, and that he prescribed only Tylenol and physical therapy. <u>Id.</u> It was not unreasonable for the ALJ to discount Dr. Hebrard's opinion in light of the other medical evidence, or to discount the parts of the opinion that were inconsistent with the record. <u>See</u> <u>Andrews</u>, 53 F.3d at 1041; <u>see also</u> <u>Magallanes</u>, 881 F.2d at 753.

**United States District Court**
For the Northern District of California

1   The ALJ also properly considered and rejected Ms. McCoy's own testimony as to

2   pain and incapacity for work.  Congress has limited the weight of SSI claimants' own

3   testimony:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

9   42 U.S.C.A. § 423(d)(5)(A).  SSA regulation instructs claimants that their pain is but one

10  factor that may be considered in a disability determination, and they must furnish medical

11  evidence to support their claims of pain.  20 C.F.R. § 404.1529.  An ALJ is not required to

12  believe every allegation of disability by a claimant.  Fair v. Bowen, 885 F.2d 597, 603 (9th

13  Cir. 1989).  Even where a claimant produces evidence of an "ailment reasonably expected to

14  produce *some* pain; many medical conditions produce pain not severe enough to preclude

15  gainful employment."  Id. (emphasis in original).  If the ALJ discounts pain evidence, he

16  must make specific credibility findings.  Thomas, 278 F.3d at 958.

17  Here, the ALJ evaluated all the evidence, including Ms. McCoy's pain and

18  incapacitation testimony, and decided that "the Plaintiff's testimony at the hearing was not

19  credible to the extent she alleged an inability to do any work."  Tr. 17.  He immediately went

20  on to explain that neither the neurological nor orthopedic findings supported Ms. McCoy's

21  claims of back pain, and that her lumbar x-rays and scans showed minimal degeneration.  Tr.

22  17, 350, 365-66, 369.  The ALJ noted that Ms. McCoy's neck mass was benign and had not

23  increased in size since 1991.  Tr. 17.  He further noted that Ms. McCoy has episodic colitis,

24  but has worked for many years with that condition.  Id.  In addition, the ALJ noted that Ms.

25  McCoy's treatment has been conservative, and "[t]he lack of significant ongoing medical

26  treatment and objective clinical findings severely undermined her allegation of total

27  disability."  Tr. 18.

28  //

**United States District Court**
For the Northern District of California

The ALJ did not unreasonably discount Ms. McCoy's testimony because he (1) determined that the evidence did not support her claims of incapacitation or pain, and (2) made specific credibility findings.  See Thomas, 278 F.3d at 958.

### 3.     The ALJ's Decision

Taking all of the doctors' opinions as a body of evidence, the ALJ noted that "the objective clinical findings were mild throughout the record."  Tr. 16.  The ALJ reasonably gave more weight to the medical opinions that were consistent with the record.  See 20 C.F.R. § 416.927(d)(4).  The Court GRANTS the SSA's Motion for Summary Judgment because the ALJ applied the correct legal standards and his decision was based on substantial evidence in the record.  See Tackett, 180 F.3d at 1097.

## IV.     CONCLUSION

For the foregoing reasons the Court DENIES the Plaintiff's Motion to Augment the Administrative Record, DENIES the Plaintiff's Motion for Summary Judgment, and GRANTS the SSA's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: October 4, 2011                                    _____
                                                         CHARLES  R. BREYER
                                                         UNITED STATES DISTRICT JUDGE